Omar I. Habbas, Esq. (SBN. 126629)
HABBAS, NASSERI & ASSOCIATES
675 N. First St., Suite 1000
San Jose, CA 95112
Phone: (408) 278-0480
Fax: (408) 278-0488

J. Gary Gwilliam, Esq. (SBN 33040)
Steven J. Brewer, Esq. (SBN 94889)
Jayme L. Walker, Esq. (SBN. 273159)
Winston W. Moody, Esq. SBN (297767)
GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
1999 Harrison St., Suite 1600
Oakland, CA  94612
Phone: (510) 832-5411
Fax: (510) 832-1918
Email:  jwalker@giccb.com; wmoody@giccb.com; ggwilliam@giccb.com

Attorneys for Plaintiffs
JORDAN AND KIRSTEN ROGERS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JORDAN ROGERS, and KIRSTEN ROGERS,<br><br>Plaintiffs,<br><br>-vs.-<br><br>TEREX CORPORATION; NESCO HOLDINGS, INC.; NESCO, LLC, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-05329-NC<br>*Complaint filed August 3, 2020*<br>*[Assigned to Hon. Nathanael M. Cousins]*<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| NESCO HOLDINGS, INC.; and NESCO, LLC,<br><br>Cross-Claimants,<br><br>vs.<br><br>TEREX CORPORATION; and ROES 1 through 25, inclusive,<br><br>Cross-Defendants. | |

JOINT CMC STATEMENT & [PROPOSED] ORDER   1   CASE NO. 5:20-CV-05329

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.     Jurisdiction & Service:**

Plaintiffs Jordan Rogers and Kirsten Rogers ("Plaintiffs") are residents of Missoula, Montana. The incident that injured Plaintiff Jordan Rogers on July 8, 2019 occurred in King City, California in the County of Monterey. Defendant Terex Corporation has been dismissed by stipulation and court order. In its place, Terex Utilities, Inc., and Terex South Dakota, Inc. (collectively, "Terex"), were added as defendants. Both of these parties have appeared. Both of these entities do, and have done, business in the State of California but neither is incorporated in California. Defendants and cross-claimants Nesco Holdings, Inc. and Nesco LLC dba Nesco Rentals (collectively, "Nesco") is authorized to do, and has regularly done, business in the State of California. Plaintiffs' Motion to Amend the Complaint to add Mountain Power Hydraulics, Inc. as a defendant was granted on November 18, 2021. Plaintiffs filed their First Amended Complaint for Damages on November 24, 2021. Mountain Power Hydraulics, Inc. has not yet been served or appeared in this matter. This court has diversity jurisdiction.

**2.     Facts**

     **a.     Plaintiffs' Facts**

On July 8, 2019, Plaintiff Jordan Rogers was working as a journeyman lineman for Michels Corporation in King City, California, in the County of Monterey. The crew was replacing wooden utility poles with steel poles. The crew rigged the top half of the pole to the Terex Digger Derrick truck and cut the top half of the pole. The pole was allegedly properly rigged and there was no weight on the pole guide. The operator of the Digger Derrick lowered the top of the pole towards the ground. Plaintiff Jordan Rogers was on the ground and checked the rigging on the pole. The rigging was secure. The operator was lowering the top of the pole that had been cut to the ground when the pole guide failed without warning to the operator or the crew. The failure of the pole guide caused the pole to swing violently, striking Plaintiff

Jordan Rogers and throwing him into the air causing him catastrophic personal injuries, including severe fractures in his left arm, left elbow, both wrists and his right heel.

The Digger Derrick truck that caused Plaintiff's injury was brand new and was being used in the manner it was intended and that was reasonably foreseeable. The Digger Derrick was manufactured by one or both of the Terex entities and placed into the stream of commerce where it was purchased by Defendant Nesco Holdings, Inc and/or Nesco LLC and leased to plaintiff's employer.

The claw (or the pole guide) is intended to guide the pole and must withstand reasonable weight of the pole when guiding it in the intended direction. The claw cylinder was manufactured by Mountain Power Hydraulics, Inc. On July 8, 2019, the claw failed entirely causing the pole to swing out of control and injure Plaintiff. The very purpose of the claw is to prevent such a thing from happening. There were no warnings in any of the manufacturer's or lessor's operating materials that warned against claw failure. Following Plaintiff's injuries and inspection of the subject Digger Derrick claw, a person was able to open and manipulate the claw with their bare hands.

Plaintiff is informed and believes and thereon alleged that there have been similar claw failures on Digger Derrick trucks that have caused significant injuries when the claw is used as intended and in reasonably foreseeable ways.

### b. **TEREX Defendants' Facts**

The Terex Defendants are the manufacturer of the digger derrick, which is the equipment mounted on the truck. Neither Terex entity manufactured the truck itself. Based on the discovery completed by the parties to date, the Terex defendants have seen no evidence of defect in the equipment. Further, the Terex defendants dispute the plaintiffs' characterization of certain facts. The Terex defendants are aware of post-accident inspections of the equipment that plaintiffs' counsel and others performed before this suit was served. Both Terex South Dakota, Inc., and Terex Utilities, Inc., are informed and believe that the digger derrick equipment performed as expected and intended at those inspections. Each of the Terex defendants allege that there was no defect or deficiency involving the pole guides or any other system on the digger derrick.

Each of the Terex defendants allege that the digger derrick equipment was misused or improperly used at the time of the incident and in a manner that caused the incident. In fact, the Terex entities believe the version of facts alleged by plaintiffs could not have occurred as they have described. Instead, this accident was likely caused by improper rigging (the connection of the winch line to the load being lifted) or by other inadvertent error by the work crew.

### c. **NESCO Defendants' Facts**

Terex Utilities, Inc. and Terex South Dakota, Inc. (collectively, "Terex") was the manufacturer of the subject Digger Derrick truck (the "truck"), a piece of equipment that in this case, was utilized for digging holes and setting poles, to replace existing wooden utility poles attached to the earth, with steel poles. The truck uses a mounted hydraulic, telescoping crane that is manually operated by a worker. Fitted at the crane's end are a winch, a mechanical device that coils rope for hauling or pulling, i.e., rigging, a load, e.g., utility pole, as well as a claw, i.e., pole guides, that enclose the load to help orient the direction of the pole as it is moved and/or set.

Nesco, LLC dba Nesco Rentals (collectively, "Nesco") purchased the truck from Terex fully loaded with the aforementioned crane assembly, and leased the truck to Michels Corporation pursuant to a Master Supply Agreement. The truck was transported from Terex Utilities in Watertown, South Dakota and to a Terex facility in Stockton, California. Upon information and belief, the truck passed all vehicle inspections including a Cal-OSHA inspection at Terex's Stockton facility, and was delivered to Michels Corporation. The truck was never transported through or located on any facility owned or operated by Nesco. Nesco is named as an additional insured under a policy of insurance of Michels Corporation, and the Master Supply Agreement between Nesco and Michels Corporation contains an indemnification and hold harmless clause.

Upon information and belief, the truck was delivered to Michels Corporation along with the Terex Digger Derrick Operator's Manual, which provides on the cover of the Manual: "This Operator's Manual MUST BE READ prior to operating your Telescoping Material Handling

DIGGER DERRICK." The Manual contains all requisite instructions and warnings with respect to the operation and use of the truck.

Nesco contends that the truck was fit for its intended use and was misused in some manner by the Michels crew and/or plaintiff. There is no known evidence of a defect in the manufacture and/or design of the truck. Nesco further contends Nesco manufactured only the chassis, or base frame, of the truck, after which Nesco rented the chassis, after which Terex designed, manufactured, installed, marketed, advertised, and placed in the chain of distribution the component parts of the truck. In other words, Terex re-configured and manufactured the truck, inspected it, and shipped it into the State of California.

During the operating inspection of the truck on December 5, 2019, it was determined that there was no issue with the mechanics of the truck's operating system. Plaintiff did not object to the truck's being returned to use.

### 3. **Legal Issues:**

Plaintiffs allege that the Digger Derrick manufactured by Defendant Terex had a manufacturing and/or design defect that caused the claw to fail on a brand-new machine. Defendant Nesco was the leasing company that leased the Digger Derrick to Plaintiff Jordan Rogers' employer. As a result of the incident that injured Plaintiff Jordan Rogers, Plaintiffs have alleged the following causes of action:

- Strict Products Liability
- General Negligence
- Negligent Failure to Warn
- Negligent Rental AGAINST DEFENDANT NESCO
- Breach of Express/Implied Warranties
- loss of consortium

### 4. **Motions:**

The Terex entities are evaluating filing a motion for summary judgment. Nesco is evaluating filing a motion for summary judgment.

///

**5.   Amendment of Pleadings:**

Plaintiffs' Motion to Amend the Complaint to add Mountain Power Hydraulics, Inc. as a defendant was granted on November 18, 2021. Plaintiffs filed their First Amended Complaint for Damages on November 24, 2021. No further amendments are anticipated at this time.

**6.   Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.   Disclosures:**

Aside from Mountain Power Hydraulics, Inc., which has not yet been served or appeared in the case, all parties have served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The parties are still in the process of completing document disclosures pursuant to Federal Rules of Civil Procedure 34 and 26(a), but to this time have diligently identified and have collectively produced over 7,700 pages of records to date, and are identifying and producing additional records in connection with the depositions of the remaining witnesses whose depositions need to be completed.

**8.   Discovery:**

The parties agree that additional time is needed to complete discovery required for an effective Mediation.

   **A**.   **Completed Depositions**

   **a.**   Plaintiff, Jordan Rogers – taken on June 10, 2021.

   **b.**   Plaintiff, Kirsten Rogers – taken on June 15, 2021.

   **c.**   Defendants, Terex Utilities, Inc. and Terex South Dakota, Inc., Person Most Qualified, James Olson – begun on September 10, 2021 (not completed).

   **d.**   Lorne Vierra, Michels Corporation witness – taken on September 24, 2021.

   **e.**   Paul Oliphant, Michels Corporation witness – noticed for October 1, 2021, witness did not appear.

    **f.**  Michels Corporation, Person Most Qualified, Ryan Ritchie – taken on October 4, 2021.

    **g.**  Jerry Witt, Michels Corporation witness – taken on October 5, 2021.

### B. Depositions To Be Completed

    **a.**  Nate McKinnon, Michels Corporation witness – scheduled for October 12, 2021, however the witness did not appear for the deposition. The parties are informed and believe that the witness lives in Oklahoma but has recently been working in Missouri.

    **b.**  Defendant and Cross-Claimant, Nesco, LLC, Person Most Qualified – one (1) witness – the parties are continuing to meet and confer regarding the deposition of Nesco defendants' Person Most Qualified. The scheduling of same has been made more difficult by the fact that Nesco, LLC, which operated out of Fort Wayne, Indiana, has been acquired by Custom Truck, located in Kansas City, Missouri, and Nesco, LLC's counsel is in the process of locating the Person Most Knowledgeable of Nesco, LLC, who no longer works for the company. Plaintiffs and the Terex entities both served deposition notices for the Nesco, LLC Person Most Qualified but the deposition has not gone forward.

    **c.**  Paul Oliphant, Michels Corporation witness – TBD.

    **d.**  Nick Leon, Michels Corporation witness – TBD.

    **e.**  Erick Campos, Michels Corporation witness – TBD.

The depositions of the foregoing witnesses from Michels Corporation, where plaintiff Jordan Rogers was employed at the time of the subject incident, have been made more difficult by the fact that the parties have had to coordinate both the schedules of witnesses who have left the employment of Michels Corporation and are journeyman lineman and workers who are now located all over the country, and the schedules of the four attorneys representing the parties to this action.

///

### C. Expert Discovery Status

The parties require additional time for their respective expert witnesses to prepare their Federal Rule of Civil Procedure 26(a)(2) reports based on the fact that the experts will have to review deposition testimony and documents not produced to date in advance of preparation of their Rule 26 reports.

**9.  Class Action:**

This matter is not a class action.

**10.  Related Cases:**

The parties are not aware of any related cases or proceedings aside from Plaintiff Jordan Rogers' workers' compensation case.

**11.  Relief:**

Plaintiff Jordan Rogers seeks economic and non-economic damages against Defendants. Plaintiff Jordan Rogers alleges he has sustained loss of income and loss of earning capacity as he has not been able to work since the accident and is unlikely to return to work in a similar capacity. Plaintiff Kirsten Rogers also has a claim for non-economic damages for the loss of consortium, including the loss of love, care, companionship, comfort, assistance, protection, society, support, affection, services, and guidance in an amount according to proof.  Plaintiffs also seek post-judgment interest as allowed by law, attorney's fees as allowed by law, and an award of taxable costs.

Cross-claimant Nesco seeks equitable indemnity and contribution against the Terex defendants.

**12.  Settlement and ADR:**

After participating in the Mediation of the referenced action with David A. Levy, Esq. on September 27, 2021, counsel for all of the parties and the Mediator agreed that continuing the mediation 120 to 180 days will increase the likelihood of the case settling in Mediation. The parties and the Mediator further agreed at the mediation that additional time is needed to complete discovery required for an effective Mediation.

///

Based on the indemnity and hold harmless agreement and the fact Nesco, LLC is an additional insured under the Michel's Corp. insurance policy, discussed above in Paragraph 3.c, Nesco, LLC has tendered the defense and indemnification of this case to Michel's Corp. Counsel of record for Michel's Corp. has indicated she will discuss the tender with her client's in-house counsel.

**13.     Consent to Magistrate Judge For All Purposes:**

The parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.     Other References:**

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:**

The parties have stipulated that at the time of the lease by the Nesco defendants to Michels Corporation of the subject Digger Derrick Truck at issue in this case, the Nesco defendants owned the subject truck. No other summaries or stipulated facts, or request to bifurcate issues, claims, or defenses, are known at this time.

**16.     Expedited Trial Procedure:**

This type of case cannot be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17.     Scheduling:**

Once Mountain Power Hydraulics, Inc. has appeared in the case, the parties intend to conduct further discovery prior to returning to mediation.

**18.     Trial:**

The January 18, 2022 trial date has been vacated.

**19.     Disclosure of Non-party Interested Entities or Persons:**

Lien Claimant, MICHEL'S CORP., filed a Notice of Lien for $352,668.19 for the workers' compensation benefits paid to Plaintiff Jordan Rogers arising out of this incident.

///

**20.     Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | |
|---|---|
| DATE: November 30, 2021 | GWILLIAM IVARY CHIOSSO CAVALLI & BREWER |
| | */s/ Winston W. Moody* |
| | J. Gary Gwilliam<br>Steven J. Brewer<br>Jayme L. Walker<br>Omar I. Habbas<br>Winston W. Moody<br>Attorneys for Plaintiffs<br>JORDAN AND KIRSTEN ROGERS |
| DATE: November 30, 2021 | THE LAW OFFICE OF LARRY PANEK |
| | */s/ Larry B. Panek* |
| | Larry B. Panek<br>Attorneys for Defendants and Cross-Defendants TEREX SOUTH DAKOTA, INC. AND TEREX UTILITIESS, INC. |
| DATE: November 30, 2021 | MASSERMAN & DUCEY, LLP |
| | */s/ Mitchell F. Ducey* |
| | Mitchell F. Ducey, Esq.<br>Jim Q. Tran, Esq.<br>Attorneys for Defendant and Cross-Claimant NESCO, LLC |
| DATE: November 30, 2021 | MICHAEL SULLIVAN & ASSOCIATES, LLP |
| | */s/ Anna J. Monteleone* |
| | Anna J. Monteleone, Esq.<br>Attorneys for Lien Claimant<br>MICHAEL'S CORP. |

**[PROPOSED] ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:

**IT IS SO ORDERED.**

Dated: _____, 2021        _____
                                                                    NATHANIEL M. COUSINS
                                                                    United States Magistrate Judge

# CERTIFICATE OF SERVICE
*Jordan Rogers, et al. v. Terex Corporation, et al.*
United States District Court, Northern District of California Case No. 5:20-cv-05329-NC

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER, 1999 Harrison St., Suite 1600, Oakland, California 94612.

On November 30, 2021, I served the following document(s) by the method indicated below:

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

☒ via **ECF ELECTRONIC TRANSMISSION** – By CM/ECF for parties that are CM/ECF participants. Service is being made electronically on those parties on the below list that are registered users of the Court's Electronic Case Filing System.

☐ via **U.S. MAIL** – by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ via **OVERNIGHT SERVICE** – by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ via **ELECTRONIC TRANSMISSION** – Based on a court order or agreement among the parties to accept service by email or electronic transmission, I caused each document described herein to be sent to the person(s) at the email address(es) listed below.

///
///
///
///
///
///
///

| | |
|---|---|
| Larry B. Panek, Esq.<br>THE LAW OFFICE OF LARRY PANEK<br>785 Oak Grove Road, E/2 #337<br>Concord, CA 94518<br>Tel.:   (925) 788-8034<br>Fax.:   (925) 676-4237<br>Email:  lpanek@larrypaneklaw.com | Attorney for Defendants<br>TEREX SOUTH DAKOTA, INC.; TEREX UTILITIES, INC. |
| Terri L. Masserman, Esq.<br>Mitchell F. Ducey, Esq.<br>Jim Q. Tran, Esqu.<br>MASSERMAN & DUCEY<br>15260 Ventura Boulevard, Suite 1000<br>Sherman Oaks, CA 91403<br>Tel.:  (818) 646-5000<br>Fax:  (818) 646-5001<br>Email:  tmasserman@md-llp.com<br>           mducey@md-llp.com<br>           jtran@md-llp.com | Attorneys for Defendant<br>NESCO, LLC |
| Anna J. Monteleone, Esq.<br>MICHAEL SULLIVAN & ASSOCIATES<br>PO Box 85059<br>San Diego, CA 92186-5059<br>Tel.: (714) 202-3440<br>Fax.: (844) 910-1850<br>Email: amonteleone@sullivanattorneys.com | Attorney for Lien Claimant |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on November 30, 2021, at Oakland, California.

_____
Clayton Gardner